## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

CHI ZHANG,

     Plaintiff,

v.                                                                  CASE NO. <u>1:24-cv-6215</u>

TOURO COLLEGE, TOURO UNIVERSITY;
and TOURO COLLEGE OF OSTEOPATHIC
MEDICINE,

     Defendants.

-----------------------------------------------------------X

## <u>NOTICE OF REMOVAL</u>

     Defendants Touro College, Touro University, and Touro College of Osteopathic Medicine

("Defendants"), each joining and consenting to this removal, pursuant to 28 U.S.C. §§ 1331, 1367,

1441, and 1446, hereby give notice of the removal of this action, originally filed by Plaintiff in the

Supreme Court of the State of New York, New York County, to the United States District Court

for the Southern District of New York. As grounds for removal, Defendants state the following:

### I.    <u>PROCEDURAL HISTORY</u>

     1.     On or about July 26, 2024, Plaintiff Chi Zhang ("Plaintiff") filed a complaint

against Defendants in the Supreme Court of the State of New York, New York County, Index No.

156802/2024 ("State Court Action"). A true and correct copy of the summons and complaint (the

"Complaint") are attached hereto. *See* Exhibit 1, Doc. 1, Complaint.[1]

---

[1] Pursuant to 28 U.S.C. § 1446(a), Defendants are included copies of the entire state court record, including all pleadings, as well as copies of all process and other papers on file in the record of the State Court Action as Exhibit 1.

2.      On or about July 29, 2024, Defendants were served with the Complaint. A true and correct copy of the affidavit of service is attached hereto. Ex. 1, Doc. 2, Affidavit of Service. The Affidavit of Service further states that Defendants were served with a "Notice of Claim, student handbook, Confirmation of Demand Submission and Payment information." *Id.*

## II.    <u>THE STATE COURT ACTION</u>

3.      The State Court Action arises from Plaintiff's enrollment at, and subsequent dismissal from, Defendant Touro College of Osteopathic Medicine ("Touro COM"). Ex. 1, Doc. 1, Compl. ¶6, 11.

4.      Plaintiff, who is a Chinese American, alleges that he enrolled in the Doctor of Osteopathic Medicine (DO) program at Touro COM in August 2012, and that he was dismissed from the program on an unspecified date in 2018. Ex. 1, Doc. 1, Compl. ¶¶6, 11. In between then, Plaintiff alleges that Touro COM required him to "suspend his studies for one year" because he failed three courses during his first year in the program. *Id.* ¶7. Plaintiff alleges that he was ultimately dismissed in 2018 because Touro COM informed him that 2018 was the last year he would be allowed to complete the DO program, and that he had not completed the program requirements (or would not be able to complete it), including the requirement to pass certain exams, by that deadline. *Id.* ¶¶8, 11. Plaintiff alleges, however, that Touro COM had previously informed him that his deadline to graduate was in 2019, not in 2018. *Id.* Plaintiff further alleges that other, non-Chinese students were allowed 6 years to graduate and were allowed 6 years to pass the exams, but that he was allowed only 5 years to graduate and to pass the exams "not counting the one year he was not in school." *Id.* ¶13.

5.      Accordingly, Plaintiff alleges that Defendants "violated **<u>federal</u>** … anti-discrimination laws." Ex. 1, Doc. 1, Compl. ¶4 (emphasis added); *see also id.* ¶21 (alleging

Defendants "violated federal … discrimination laws"). Specifically, Plaintiff alleges that Defendants "subjected [him] to disparate treatment" as compared to "other (non-Chinese) students." *Id.* ¶¶1, 13; *id.* ¶13 (alleging that Plaintiff was dismissed after not completing the program after 5 years, rather than after 6 years like his "non-Chinese" counterparts, and that Plaintiff was only permitted to take the USMLE Step 1 exam three times, rather than six times, which was afforded to his fellow "non-Chinese" students). Plaintiff also alleges that Defendants, through these actions, violated "state and local anti-discrimination laws." *Id.* ¶4.

6.    In addition, Plaintiff asserts a claim for breach of contract based on his allegation that Defendants acted "arbitrarily and capriciously and discriminatorily," and a claim for misrepresentation based on his allegations regarding his deadline to graduate and his ability to transfer to another school. Ex. 1, Doc. 1, Compl. ¶¶3, 21-24, 27-30.

## III.    BASIS FOR REMOVAL

### a.    *Federal Question Jurisdiction*

7.    This Court has jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the laws of the United States and raises a federal question.

8.    Federal question jurisdiction gives federal district courts jurisdiction over suits "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Bounds v. Pine Belt Mental Health Care Res*., 593 F.3d 209, 215 (2d Cir. 2010). In assessing federal-question jurisdiction, courts are guided by the "well-pleaded complaint" rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 12 (2003); *see also Guzman v. First Chinese Presbyterian Community Affairs Home Attendant*

*Corporation*, 520 F. Supp. 3d 353, 359 (S.D.N.Y. 2021) ("An action may be removed to federal court pursuant to § 1441 if the Plaintiff's 'well-pleaded complaint' presents a federal question."). When a "plaintiff sets forth a claim of violation of rights purportedly secured by a federal statute, plaintiff has established federal question jurisdiction." *Wilmer v. Albany Cnty. Soc. Servs.*, 2016 WL 4398489, at *2 n. 5 (N.D.N.Y. July 25, 2016), *report and recommendation adopted*, 2016 WL 4386007 (N.D.N.Y. Aug. 17, 2016) (citing *City of Kenosha, Wisconsin v. Bruno*, 412 U.S. 507, 512 (1973)); *see also Pudlin v. Off. for (Not of) C.R. of the United States Dep't of Educ.*, 186 F. Supp. 3d 288, 292 (S.D.N.Y. 2016) ("A plaintiff properly invokes [federal question] jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States.").

9.      Plaintiff's assertion of a cause of action for Defendants' alleged violations of "federal … anti-discrimination laws" is sufficient to establish this Court's original federal jurisdiction. *See* Ex. 1, Doc. 1, Compl. ¶¶4, 21.

10.      For the foregoing reason, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

**b.  *Supplemental Jurisdiction***

11.      The Complaint's remaining causes of action against Defendants, including for violations of state and local discrimination laws, breach of contract, and misrepresentation, are within this Court's supplemental jurisdiction. 28 U.S.C. § 1367(a).

12.      28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

13.    "[T]he presence of even one claim arising under federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal based on original jurisdiction." *T & M Meat Fair, Inc. v. United Food & Com. Workers, Loc. 174, AFL-CIO*, 210 F. Supp. 2d 443, 448 (S.D.N.Y. 2002) (internal quotation marks omitted) (citing *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 386 (1998)). "Upon removal, the court acquires supplemental jurisdiction over any state claims 'that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" *Sawyers v. McMahon*, 2023 WL 5310241, at *1 (S.D.N.Y. 2023) (quoting 28 U.S.C. § 1367(a)).

14.    Plaintiff's claims against Defendants for alleged violations of state and local discrimination laws, breach of contract, and misrepresentation, relate to the circumstances of his dismissal from Touro COM and his ability to complete the program, and thus, form part of the same case or controversy as Plaintiff's federal discrimination claim. Accordingly, this Court has supplemental jurisdiction over these claims under 28 U.S.C. § 1367(a), and removal is proper.

**c.    *"Other Paper" Federal Question Jurisdiction***

15.    In the alternative, in the event the Court finds the State Court Action is not removable based on the existence of a federal question set forth in the Complaint, removal is still proper under 28 U.S.C. § 1446(b)(3).

16.    28 U.S.C. § 1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "The standard for judging whether 'an amended pleading, motion, order or other

paper' triggers the 30-day removal period is the same as the standard for determining whether the initial pleading triggers the removal period—namely, the Court must determine whether a defendant could reasonably ascertain from that document, in combination with the original pleading and other documents, that the case is removable." *Stemmle v. Interlake Steamship Company*, 198 F. Supp. 3d 149, 162 (E.D.N.Y. 2016).

17.     In the State Court Action, Defendants were served with a "Notice of Claim, Student handbook, Confirmation of Demand Submission and Payment information." Ex. 1, Doc. 2, Affidavit of Service. These documents were not attached to the Complaint or otherwise filed in the State Court Action. However, per the Notice of Claim and the Confirmation of Demand Submission, Plaintiff has initiated an arbitration proceeding before JAMS against Defendants Touro COM and Touro College based on the same underlying allegations that Plaintiff makes in the Complaint against Defendants in the State Court Action. *See* Exhibit 2, Declaration of Brandt Hill ("Hill Declaration"), Doc. 1, Notice of Claim and Confirmation of Demand Submission and Payment Information. The Notice of Claim expands on the basis for Plaintiff's federal discrimination claims, as set forth in the Complaint, by expressly asserting that Touro COM and Touro College violated Title VI of the federal Civil Rights Act of 1964. *See* Ex. 2, Hill Declaration, Doc. 1, Notice of Claim, ¶¶35-41 (alleging that "Touro discriminated against Mr. Zhang in violation of Title VI").

18.     Accordingly, even if Plaintiff's Complaint in the State Court Action does not sufficiently present a federal question under the well-pleaded complaint rule to establish federal jurisdiction, Plaintiff's Notice of Claim makes explicitly clear that Plaintiff is asserting a federal cause of action under Title VI in the State Court Action over which this Court has federal jurisdiction. *See Kane v. St. Raymond's Roman Catholic Church*, 2015 WL 4270757, at \*3

(S.D.N.Y. 2015) (finding that "Plaintiff's original state-court complaint alleged claims under the Civil Rights Act of 1964 and the Civil Rights Act of 1991, which would have allowed the federal courts to take original jurisdiction under the federal-question jurisdiction statute, 28 U.S.C. § 1331.").

19.    As the Notice of Claim was served on Defendants in connection with the State Court Action, it constitutes an "other paper" from which the removability of the State Court Action can be "ascertained." 28 U.S.C. § 1446(b)(3); *see also Vermande v. Hyundai Motor America, Inc.,* 352 F. Supp. 2d 195, 199–202 (D. Conn. 2004) ("[M]ost courts have held—and this Court agrees—that § 1446(b) is not limited to papers filed in the litigation…"); *Vermont v. 3M Company*, 2024 WL 1596887, at *4 (D. Vt. 2024) (noting that "other paper" is construed expansively") (quoting 14C Wright & Miller, Federal Practice and Procedure § 3731 n. 43 (4th ed. 2023)).

20.    Accordingly, removal of the State Court Action to this Court is also proper under 28 U.S.C. § 1446(b)(3).

**d.  *Timeliness of Removal***

21.    This Notice of Removal is being filed within thirty (30) days after Defendants' receipt of the Complaint, on or about July 29, 2024, and therefore is timely pursuant to 28 U.S.C. § 1446(b)(1).

22.    This Notice of Removal is also being filed within 30 days after Defendants' receipt of the Notice of Claim, on or about July 29, 2024, which constitutes an "other paper" from which the removability of the State Court Action can be "ascertained," and therefore is timely pursuant to 28 U.S.C. § 1446(b)(3).

23.    Pursuant to 28 U.S.C. § 1446(d), immediately upon filing of this Notice of Removal, Defendants will give written notice to all parties and counsel of the removal of the State

Court Action. A copy of this Notice of Removal will be promptly filed with the Clerk of the Supreme Court of the State of New York, New York County.

### e.  *Venue*

24.     Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because it is the District embracing the state court in which the State Court Action is pending.

### f.  *Consent for Removal*

25.     This Notice is being submitted by counsel for all Defendants in this action, each of which join in and consent to this removal pursuant to 28 U.S.C. § 1446(b)(2)(a).

## IV.    <u>CONCLUSION</u>

WHEREFORE, Defendants respectfully submit that this Court has jurisdiction over the claims asserted in the State Court Action, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a), that the State Court Action properly is removable pursuant to 28 U.S.C. §§ 1441(a) and 1446, and that the removal has been effected in a timely and appropriate manner.

Dated: August 16, 2024

**THOMPSON COBURN LLP**

By:*/s/ Brandt Hill*_____
    Brandt Hill
    2 North 20th Street
    Suite 1150
    Birmingham, AL 35203
    P: (314) 552-6353
    F: (314) 552-7000
    bhill@thompsoncoburn.com

    *Attorney for Defendants Touro College, Touro University, and Touro College of Osteopathic Medicine*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that on the 16th day of August, 2024, a copy of the foregoing was served via Certified Mail and email to:

Stewart Lee Karlin, Esq.
STEWART LEE KARLIN
LAW GROUP, P.C.
111 John Street, 22nd Floor
New York, NY 10038
(212) 792-9670

*Attorney for Plaintiff*

*/s/ Brandt Hill*
OF COUNSEL