# EXHIBIT 1

NYSCEF
New York County Supreme Court

**Document List**
**Index #   156802/2024**

Created on:08/16/2024 09:26 AM

Case Caption:   **Chi Zhang v. Touro College et al**

Judge Name:

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 1 | SUMMONS + COMPLAINT | Processed | 07/26/2024 | Karlin, S. |
| 2 | AFFIRMATION/AFFIDAVIT OF SERVICE | Processed | 07/29/2024 | Karlin, S. |

Page 1 of 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------X
CHI ZHANG,

                Plaintiff,

    -against-

TOURO COLLEGE, TOURO UNIVERSITY
EDUCATION, AND TOURO COLLEGE
OF OSTEOPATHIC MEDICINE

                Defendants.
-------------------------------------------------------X

Index No.
Date Purchased: July 26, 2024

Plaintiff designates New York
County as the place of trial

**SUMMONS**

The basis of the venue is:
Defendant's principal place of business

Plaintiff resides at
112 Bowery Street, Apt. 1025
New York, NY  10013

To the above-named Defendant:

      You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons to serve a notice of appearance on the Plaintiffs' attorney within twenty days after service of the summons exclusive of the day of the service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner.  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
         July 27, 2024

Yours, etc.,

STEWART LEE KARLIN
LAW GROUP, P.C.

_[signature]_

Stewart Lee Karlin, Esq.
Attorneys for Plaintiff
111 John Street, 22nd Floor
New York, NY 10038
(212) 792-9670

Defendant's Address:
320 West 31st Street
New York, NY 10001

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X

CHI ZHANG,

       Plaintiff,                            **Index No.**

-against-                                      **COMPLAINT**

TOURO COLLEGE, TOURO UNIVERSITY
AND TOURO COLLEGE
OF OSTEOPATHIC MEDICINE

       Defendant,
------------------------------------------------------------X

    Plaintiff, CHI ZHANG, by his attorney STEWART LEE KARLIN, respectfully shows to this Court and alleges as follows:

1. Plaintiff Chi Zhang, Chinese American, (hereinafter at all times mentioned "Plaintiff or Mr. Zhang") was and is a resident of the State of New York, County of New York.

2. Defendants Touro College, Touro University and Touro College School of Osteopathic Medicine (hereinafter "Touro") is duly organized and existing by virtue of the laws of the State of New York and upon information and belief is a non-profit corporation and conducts a significant amount of business in the State of New York and County of New York.

3. At the time of his enrollment, Plaintiff was provided by Defendants Touro College School of Osteopathic Medicine with Defendants' policies regarding academic criteria for graduation and the EEO policies from the school, as well as the appeal procedures in the event of an alleged breach of the agreement. This formed the contract between the Plaintiff and Defendants. The contract was based on the terms and conditions for graduation that were offered by the Defendants at the time of Plaintiff's enrollment. Implicit in the contract is to

1

apply the rules uniformly and not to act arbitrarily and capriciously and discriminatorily when applying the policies to a given situation.

4. Defendants by and through its agents breached the contract in the State of New York, and also violated federal, state and local anti-discrimination laws hereinafter more specifically described.

5. In addition, material representations were made by Defendants as set forth below.

6. In August 2012, Mr. Zhang enrolled in Touro College of Osteopathic Medicine.

7. In the first year, he did not pass three courses, and the school asked him to suspend his studies for one year.

8. Thereafter, Mr. Zhang commenced his second year of medical school in August 2015 with a prospective graduation date of May 2019. In fact, as his second year at school began in August 2015, he asked the school when he would graduate, and the school's answer was 2019.

9. At the time, a student could take the USMLE Step 1 exam up to six times.

10. Prior to 2018, Mr. Zhang had taken the USMLE Step 1 three times, but did not pass it.

11. Mr. Zhang made preparations to retake the examination in 2018, however, without warning, the school notified him that he was being dismissed because his graduation deadline was 2018, not 2019 as previously asserted.

12. Defendants closed Mr. Zhang's access to the online exam sites at the school. Thus, he did not have any further opportunity to take the USMLE Step 1 .

13. Defendants subjected Mr. Zhang to disparate treatment as many other (non-Chinese) students were given the opportunity to take the USMLE Step 1 up to six time and up to six years not counting the one year he was not in school.  However, Mr. Zhang was dismissed after five years. However, Mr. Zhang was allowed to take the exam only 3 times, half of what he was

2

entitled to. Others had six years, but Zhang was only given five years, one year less than others, not counting the one year he was not in school. This was discriminatory

14. In 2018, Mr. Zhang went to the Dean and asked for another chance to take the exam. The Dean then turned the matter over to the school attorney, who falsely stated that he was not allowed to take the examination again.

15. In addition, the school attorney said "You can transfer to a foreign medical school to study and urge you to do so.

16. The school attorney assured Mr. Zhang that he would be eligible, and his didactic course credits would transfer to another school. However, the DO program Mr. Zhang was enrolled in is available only in the United States. To advise him to transfer to a foreign medical school, which has no such program, was an intentional misrepresentation and guaranteed failure for him.

17. Mr. Zhang relied on these specific material misrepresentations of the Defendants regarding his ability to transfer to another school and his ineligibility to take the examination.

18. These material misrepresentations were relied upon by Plaintiff in good faith when making his decision to further appeal his dismissal.

19. Plaintiff's good faith reliance on Defendants' material misrepresentations, cause irreparable damage to Plaintiff and he lost lifelong dream of becoming a physician.

20. Plaintiff has exhausted all internal administrative remedies and has satisfied all condition precedent prior to commencement of this suit.

21. In addition, as a result of the foregoing, Defendants breached the enrollment contract (an implied in fact contract between the parties) resulting in Plaintiff being discharged from the program and being damaged, Defendants acted arbitrarily and capriciously and in bad faith

and violated federal state and local discrimination laws. Touro did not have a valid reason to dismiss him.

22. Defendants breached its own terms and conditions set forth for graduation and acted arbitrarily and capriciously, irrationally, and in bad faith toward Plaintiff.

23. Despite the fact that Plaintiff met all the academic requirements, and financial. requirements, Defendants breached the agreement and has otherwise acted arbitrarily and capriciously, irrationally, and in bad faith, by dismissing Plaintiff.

24. Defendants made material misrepresentations to Plaintiff.

25. Plaintiff in good faith relied upon those material misrepresentations made by Defendants.

26. The Defendants' misrepresentation caused damage to Plaintiff.

27. In order to induce Plaintiff to leave the school, the school representative stated "You can transfer to a foreign medical school and continue your studies. He also stated that Plaintiff had six more months to study at the school and thus needed to transfer quickly.

28. Plaintiff located a foreign medical school, Ross University School of Medicine. Plaintiff was assured that he would get into this program and be able to transfer. Plaintiff was required to obtain three recommendations and received two recommendations from physicians and was assured by the school that the Dean would forward the third recommendation which upon information and belief was forwarded to the school.

29. However, the transfer was not approved.

30. As a result of Plaintiff's good faith reliance of the material misrepresentations made by Defendants, Plaintiff was damaged.

WHEREFORE, Plaintiff demands damages and equitable relief against the Defendantss, including but not limited to the following:

4

1. Granting compensatory damages for injuries and accompanying pain and suffering, tuition reimbursement, career lost earning as a physician, and other damages sustained by plaintiff;

2. Injunctive relief compelling Touro to readmit Plaintiff as a third medical student, or in the alternative readmit Plaintiff as a first year medical student;

3. Attorney's fees, costs and disbursements;

4. Any other relief that is just and equitable.

Dated: New York, New York
July 25, 2024

Respectfully submitted,

STEWART LEE KARLIN
LAW GROUP, P.C.

Stewart Lee Karlin, Esq.
Attorneys for Plaintiff
111 John Street, 22nd Floor
New York, NY 10038
(212) 792-9670

## ATTORNEY CERTIFICATION

Pursuant to 22 NYCRR, Section 130-1.1.A the undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, respectfully affirms the truth of the following statement under the penalties of perjury pursuant to the CPLR:

The undersigned attorney hereby certifies that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers (s) or the contents therein are not frivolous as defined in Subsection C of Section 130-1.1.

Dated: New York, New York
     July 25, 2024

_____
STEWART LEE KARLIN, ESQ.

# Affidavit of Service
(Please print)

State of New York, County of __New York__   __New York__ City Court

Chi Zhang   **Plaintiff/Petitioner**   Index No. _____

vs.

TOURO COLLEGE, TOURO UNIVERSITY AND TOURO COLLEGE OF OSTEOPATHIC MEDICINE   **Defendant/Respondent**   Court Date _____

__Valerie Rodriguez__, being duly sworn, deposes and says that deponent is over the age of eighteen years and is not a party in this proceeding. Deponent served a true copy of __Notice of Claim, Student handbook, Confirmation of Demand Submission and Payment information.__

In the above entitled proceeding, such service having been made in the following manner stated herein; and said person being the proper and authorized person to be served in this proceeding, the name of said person, complete address, time and date is as follows:

__Kevin Egbert signing for Matthew Lieberman, 3 Times Square, New York, NY 10036 at 9:36am on 7/29/2024__

☐ By delivering to and leaving personally with _____, known to the deponent to be the same person mentioned and described in the above named proceeding as the person to be served.

☐ By delivering to and leaving personally with _____, on the person to be served and associated with him/her and after conversing with him/her, deponent believes him/her to be a person of such suitable age and discretion; and by mailing a copy of the proceeding herein to said authorized person to the address and at the time stated above, which is his/her last known address or actual place of business mailed in a post paid envelope marked "personal and confidential."

☒ By delivering to and leaving with __Kevin Egbert__, the agent, for service an the person in this proceeding an designated under Rule 318 of the CPLR. Service having been made to such person at the place, time, and date stated above.

☐ By affixing a true copy of the same to the door of the actual place of business, dwelling place, or usual place of abode as stated above; and by mailing a copy of the proceeding herein to said person to the address and on the date and time as stated above. Service was made in the manner stated in this paragraph because deponent was unable, with due diligence, to find the proper or authorized person to be served; or a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode as stated above, having called there at the following times and dates:

☐ By delivering to and leaving with the person named above at said address, upon information and belief, the person served is an officer of the domestic corporation _____ named in this proceeding authorized to be served herein.

Deponent further states upon information and belief that said person so served is not in the Military Service of the State of New York or of the United States as the term is defined in either the State or Federal statutes.

Deponent further states that he/she describes the person actually served as follows:

| Gender | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx.) | Other Features: |
|---|---|---|---|---|---|---|
| ☒ Male | ☒ White | ☐ Light | 55 - 60 yrs | 5'7 to 6'0 | 145 to 160 lbs | |
| ☐ Female | ☐ Black | ☐ Medium | | | | |
| ☐ Other | Other: ____ | ☐ Dark | | | | |
| | | ☒ White/Gray | | | | |

Sworn to before me this __29th__ day of __July__, 20__24__

Notary Public

Server's Signature: Y. Rodriguez
Print Name: Y. Rodriguez

STEWART LEE KARLIN
NOTARY PUBLIC STATE OF NEW YORK
NEW YORK COUNTY
LIC. #02KA6233825
COMM. EXP. 03/15/2026

1 of 1