

2 20th Street North  
Suite 1150  
Birmingham, AL 35203

314 552 6000 main  
314 552 7000 fax  
thompsoncoburn.com

Brandt Hill
(314) 552-6353
bhill@thompsoncoburn.com

November 26, 2024

**VIA ECF & EMAIL**

Hon. P. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
Failla_NYSDChambersnysd.uscourts.gov



> RE: *Chi Zhang v. Touro College, et al.*, Case No. 1:24-cv-06215-KPF
> Touro Defendants' Opposition to Plaintiff's Pre-Motion Letter re: Motion to Compel Arbitration

Dear Judge Failla:

I represent Defendants Touro College, Touro University, and Touro College of Osteopathic Medicine (the "Touro Defendants") in the above-referenced matter. Pursuant to the Court's Individual Rules of Practice in Civil Cases, I am writing in response to Plaintiff Chi Zhang's ("Plaintiff") letter dated November 21, 2024 requesting permission to file a motion to compel arbitration and requesting a pre-motion conference with the Court. *See* Doc. 17. For the reasons below, Plaintiff's requests should be denied.

**A. Background and procedural history**

This case arises from Plaintiff's dismissal from Defendant Touro College of Osteopathic Medicine ("Touro COM"). Plaintiff alleges that he enrolled in the Doctor of Osteopathic Medicine (DO) program at Touro COM in August 2012 and that he was improperly dismissed from the program in 2018. *See* Doc. 1-1, ¶¶6, 11 & Doc. 16.

On July 26, 2024, Plaintiff filed the original complaint in the New York Supreme Court for New York County. Doc. 1-1. The original complaint asserted claims for violation of federal, state, and local discrimination laws, breach of contract, and misrepresentation. *Id*. At the same time Plaintiff served the summons and complaint on the Touro Defendants, Plaintiff also served them with a copy of a demand for arbitration ("Notice of Claim") that Plaintiff had filed with JAMS on July 25, 2024. *See* Doc. 1-2 at p. 4. The Notice of Claim asserted substantially similar claims to those in Plaintiff's state-court complaint. *Id*.

Hon. P. Katherine Polk Failla
November 26, 2024
Page 2

On August 16, 2024, the Touro Defendants timely removed the state-court case to this Court on the basis of it having federal subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1367, 1441, and 1446. Doc. 1.

On September 16, 2024, Plaintiff filed a letter request for permission to file a motion to remand, arguing that the Court lacked federal jurisdiction because the "essence of this case lies in state law" rather than federal law. Doc. 10. The Touro Defendants opposed Plaintiff's letter request. Doc. 11. The Court then held a telephonic hearing on Plaintiff's letter request on October 31, 2024. *See* Minute Entry, Oct. 31, 2024. Following the hearing, the Court ordered Plaintiff to file any amended complaint by November 22, 2024, and by the same date, to inform the court by letter if he will move to remand. The Court also ordered the parties to confer on the issue of arbitration. *See id.*

On November 21, 2024, Plaintiff filed an amended complaint that deleted his federal, state, and local discrimination claims and his breach of contract claim, leaving only his misrepresentation claim under New York law. *See* Doc. 16. Plaintiff, however, did not inform the Court by November 22 if he would be moving to remand.[1]

In his November 21, 2024 letter, Plaintiff now seeks the Court's permission to file a motion to compel arbitration. Doc. 17. Plaintiff's request relies primarily on the arbitration provision found in the 2013 Touro COM student handbook which Plaintiff attached to his letter. Doc. 17-1. Plaintiff claims that he believes the 2017 Touro COM student handbook also contained an arbitration provision, and further, noted that the 2023 Touro COM student handbook contains an arbitration provision (Doc. 17-2). Finally, Plaintiff's letter attached a copy of an unrelated court decision in which Touro College and Touro COM had moved to compel arbitration of claims asserted by another student. Doc. 17-4.

### B. The Court should deny Plaintiff's request to file a motion to compel arbitration

As explained below, the Court should deny Plaintiff's request for permission to file a motion to compel arbitration.

#### 1. Plaintiff cannot enforce the arbitration provision in the 2013 student handbook

At the outset, the Touro Defendants acknowledge that the 2013 Touro COM student handbook contains an arbitration provision. *See* Doc. 17-1 at p. 4. Nevertheless, Plaintiff cannot enforce this provision for several independent reasons.

To begin, the 2013 handbook requires that any arbitration proceeding be filed with the American Arbitration Association ("AAA"). *See* Doc. 17-1 at p. 4 ("All arbitrations of Disputes shall be exclusively conducted and heard by the American Arbitration Association ("AAA")…").

---

[1] Undersigned counsel also discussed the status of the arbitration with counsel for Plaintiff, but did not reach an agreement.

Hon. P. Katherine Polk Failla
November 26, 2024
Page 3

Plaintiff, however, instead initiated the arbitration proceeding with JAMS. *See* Doc. 1-1 at p. 4; Doc. 1-2; Doc. 17-3.

Second, even had Plaintiff properly initiated the arbitration with AAA, his demand for arbitration was untimely. The 2013 student handbook states that "[i]f a student fails to file a request for arbitration with Touro College and AAA **within ninety (90) calendar days after the claim or Dispute arises, that claim or dispute will be conclusively resolved against the student even if there is an applicable statute of limitations that may have given the student more time.**" Doc. 17-1 at pp. 4-5 (emphasis added). Plaintiff filed the Notice of Claim (with JAMS) on July 25, 2024; accordingly, because the latest Plaintiff's "claim or dispute" could have arisen was in 2018 when he was dismissed from Touro COM, his July 2024 demand for arbitration is six years too late and therefore he is barred from seeking to enforce the arbitration provision.

### 2. Plaintiff executed a Memorandum of Understanding and Release in January 2014 in which he released his claims against the Touro Defendants

Separately, Plaintiff's November 21 letter failed to mention that Plaintiff executed an agreement in 2014 in which he released his claims against the Touro Defendants relating to his enrollment. Specifically, on January 24, 2014, following his first dismissal from the DO program in December 2013, Plaintiff executed a Memorandum of Understanding and Release ("MOU and Release") with the Touro Defendants. *See* Exhibit 1. The MOU and Release expressly states that Plaintiff "agrees that as stated in the Student Handbook that the six year rule applies." *Id.* at p. 2. The "six year rule" refers to the requirement that a student complete the DO program's graduation requirements, including the requirement to pass certain exams, within six years of the student's date of matriculation in the DO program. *See* Doc. 11. It is undisputed that Plaintiff did not pass the requisite exams within six years of his matriculation in the DO program in August 2012—*i.e.*, by the end of July 2018.

The MOU and Release states that Plaintiff "shall not bring any action or proceeding" against the Touro Defendants in the event that "[he] does not adhere to any of the requirements" of the MOU and Release," including the six-year rule. Exhibit 1. Despite that provision, Plaintiff has asserted claims against the Touro Defendants, as set forth in his original and amended complaints, centered around his allegation that the Touro Defendants misrepresented to him that he would have one additional year—*i.e.*, through July 2019—to complete the program requirements, including passing the exams. *See* Doc. 1-1 & Doc. 16. These claims are therefore barred under the MOU and Release, such that Plaintiff is precluded from asserting them in arbitration (and in a court action). Indeed, this argument is among those detailed in the Touro Defendants' letter request to file a Rule 12(b)(6) motion to dismiss Plaintiff's claims, which the Court has not ruled on because of the threshold, undecided forum and jurisdictional questions. *See* Doc. 8 at pp. 2-3.

To be clear, Plaintiff's November 21 letter does not seek to compel arbitration based on the arbitration provision in the MOU and Release. Thus, the Court does not have to even consider whether arbitration is required under the MOU and Release.

However, even if Plaintiff otherwise could move to compel arbitration under the MOU and Release, it still provides that "[a]ny dispute, controversy or claim arising out of or relating this Agreement or Zhang's matriculation or separation from the Program shall be exclusively heard and settled by expedited binding arbitration in the Program's New York office in New York, New York, administered by the American Arbitration Association ("AAA") …" Exhibit 1. Plaintiff's claims against the Touro Defendants arise out of his "separation from the Program," yet again, Plaintiff did not initiate arbitration with AAA but instead with JAMS. Doc. 1-1 at p. 4; Doc. 1-2; Doc. 17-3. Further, Plaintiff failed to initiate arbitration within 90 days as required under the 2013 student handbook.

### 3. The 2023 student handbook does not apply to Plaintiff, and in any event, he did not comply with the mandatory mediation provision

Plaintiff also is wrong to suggest that he should be able to compel arbitration based on the arbitration provision in the 2023 student handbook. *See* Doc. 17-2. For one, Plaintiff had not been a student for over five years at the time of the 2023 student handbook's publication; accordingly, this version of the handbook does not apply. Second, assuming for sake of argument that he was a student in 2023, the arbitration provision in the 2023 handbook requires that before initiating arbitration, a student shall first submit the dispute to "non-binding mediation," which is "mandatory." Doc. 17-2 at pp. 58-59. Thus, even if Plaintiff was a student in 2023 and could otherwise enforce the arbitration provision in the 2023 handbook, Plaintiff has not alleged (and could not allege) that he complied with the requirement to submit the dispute to mandatory non-binding mediation. Accordingly, Plaintiff's reliance on the 2023 student handbook is misplaced.

### 4. Plaintiff waived any right he had to compel arbitration

Finally, even if the Court rejects each of the above arguments, Plaintiff has separately waived any right he had to compel arbitration. Plaintiff has long been aware of the arbitration provision in the 2013 student handbook (and in the MOU and Release). Yet, in addition to filing the Notice of Claim with JAMS in July 2024, Plaintiff also filed the original complaint in New York state court in July 2024, asserting substantively identical claims, which was inconsistent with his argument that arbitration is required. *See Louisiana Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 626 F.3d 156, 160 (2d Cir. 2010). Further, Plaintiff waited to seek to move to compel arbitration for nearly four months. *Technology in Partnership, Inc. v. Rudin*, 538 Fed.Appx. 38, 39 (2d Cir. 2013) ("a party can waive its right to arbitration 'when it engages in protracted litigation that prejudices the opposing party'") (quoting *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000)). After the Touro Defendants removed the case to this Court in August 2024, Plaintiff did not raise the arbitration argument, and instead argued only that the case should be remanded to state court since the Court purportedly lacked federal jurisdiction. Doc. 10. The Touro Defendants spent significant attorney's fees and costs to remove the state-court lawsuit to this Court. Their removal was proper, which Plaintiff has effectively now acknowledged by electing to not to file a motion to remand. Had Plaintiff sought to compel arbitration sooner in this case, such as at the time he originally filed the state-court lawsuit, the Touro Defendants could have avoided expending resources to remove the case. The

Hon. P. Katherine Polk Failla
November 26, 2024
Page 5

Second Circuit has "found prejudice where "a party seeking to compel arbitration … delays invoking arbitration rights while the adversary incurs unnecessary delay or expense." *Technology in Partnership*, 538 Fed.Appx. at 40; *see also Nicholas v. M.W. Kellogg Co.*, 2008 WL 379660, at *4 (S.D. Tex. 2008) (finding waiver of right to arbitrate by plaintiff where plaintiff "filed suit, clearly inconsistent with an intent to arbitrate. She then litigated whether the case could proceed in state or federal court and what claims would be asserted in federal court."). At this point, the case is properly before the Court, which itself has already expended time and resources overseeing the case.

### C. Conclusion

For all these reasons, the Touro Defendants respectfully request that the Court deny Plaintiff's request for permission to file a motion to compel arbitration. The Touro Defendants further submit that the Court can deny Plaintiff's request without the need for a conference.

Finally, on a procedural note, I understand that the Touro Defendants' deadline to answer Plaintiff's amended complaint is stayed, per the Court's October 21, 2024 minute entry; thus, at this time, the Touro Defendants do not plan to either answer the amended complaint or request permission to file a motion to dismiss, as they had with respect to the original complaint (*see* Doc. 8). If my understanding is incorrect, however, please let me know.

Please do not hesitate to reach out to me with any further questions regarding this matter.

Respectfully submitted,

Brandt Hill

Brandt Hill

Thompson Coburn LLP

cc:  Stewart Lee Karlin
     Stewart Lee Karlin Law Group, P.C.
     111 John Street, 22nd Floor
     New York, NY 10038
     (212) 792-9670
     slk@stewartkarlin.com

     *Attorney for Plaintiff*

The Court is in receipt of Plaintiff's request for a pre-motion conference on its anticipated motion to compel arbitration. (Dkt. #17). The Court is also in receipt of Defendant's letter in opposition. (Dkt. #18).

In light of the parties' submissions, the Court will hold a pre-motion conference on **December 19, 2024,** at **3:00 p.m.,** in Courtroom 618 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York.

Furthermore, because Defendant's letter exceeded three pages, which is the limit imposed by this Court's Individual Rules of Practice in Civil Cases, the Court will permit Plaintiff to file a letter in reply. Should Plaintiff wish to file such a letter, which is not to exceed three pages, Plaintiff is instructed to do so on or before **December 10, 2024.**

The Clerk of Court is directed to terminate the pending motion at docket entry 17.

Dated:   December 3, 2024          SO ORDERED.
         New York, New York

                                    *Katherine Polk Failla*

                                    HON. KATHERINE POLK FAILLA
                                    UNITED STATES DISTRICT JUDGE